UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEANETTE REAGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROGELIO DOMINGUEZ, Individually and in His Professional Capacity as Former Sheriff of Lake County; and the Members of the LAKE COUNTY BOARD OF COMMISSIONERS in their Professional Capacity, | ) 2:11-cv-205 ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 25] filed by the defendants, Rogelio Dominguez and members of the Lake County Board of Commissioners, on August 28, 2013. The plaintiff, Jeanette Reagins, did not file a response, and the time to do so has passed. For the following reasons, the Motion for Summary Judgment [DE 25] is **GRANTED.**

*Background*

The plaintiff, Jeanette Reagins, a fifty-six year old African American, was employed by the Lake County Sheriff's Department as a records clerk in the Lake County Jail until she was terminated in December 2009. Reagins complains that her termination was the result of unlawful discrimination. The defendants responded that Reagins was terminated due to a budget crisis that began in 2008.

The Lake County Council is responsible for adopting an annual county budget, levying

1

taxes, and appropriating the revenue. The General Fund is the main source of revenue for operations and services provided by each county department, including the Sheriff's Department. The General Fund is funded by an annual property tax that is calculated by dividing the total levy by the total assessed value each calendar year.

In 2007, the State of Indiana enacted a statute that froze Lake County's annual property tax levy at its 2007 level until Lake County adopted a county-wide 1% income tax to offset property taxes. In 2008, the Indiana Legislature also adopted a state-wide property tax cap that limited the amount property taxes could be increased annually to fund county operations. Prior to 2013, Lake County had not adopted a county income tax, and its maximum annual property tax levy that created the revenue for the General Fund was frozen at the 2007 amount. Lake County's frozen property tax levy and the state-wide tax caps caused Lake County to suffer an on-going budget crisis that required annual budget cuts.

The County Council's finance committee reported that the general fund budget would have to be reduced by $15 million for 2009 and that there would be a shortfall in the 2010 budget in excess of $15.2 million. On September 8, 2008, Sheriff Roy Dominguez eliminated 22 full-time employee positions from the Sheriff Department's 2009 budget to meet the budget reductions requested by the County Council. In 2009, all elected officials were notified to revise their 2010 budget estimates to an amount that was 15% less than their 2009 department budget, with a 10% reduction to payroll. On October 1, 2009, the County Council passed a motion instructing its financial advisor, Dante Rondelli, to make a 15% reduction in the payroll line items of any department that failed to meet the County Council's mandate of a 10% cut in payroll.

Dominguez served two terms as the Sheriff of Lake County from January 1, 2003 through December 31, 2010. After receiving the County Council's mandate to reduce the Sheriff Department's 2010 payroll to a level that was 10% less than its 2009 payroll, Dominguez instructed his staff to prepare a budge proposal that would meet the budget restriction goals. Dominguez had his staff prepare a "blind list", which is a list that identified the employees by budget number only and not by name, of the civilian employee positions that could be cut from the Sheriff Department's payroll. Dominguez also instructed each unit commander to create a blind list of the employee positions in their units that could be eliminated based on the employee's performance, attitude and ability, the effect the loss would have on the unit's performance, and seniority. Dominguez did not participate in the preparation of the blind lists.

After his original budget proposal was rejected, Dominguez proposed a revised budget reduction plan that proposed immediately cutting 2 corrections officers, 2 police sergeants, and 3 patrol officer poistions from the 2010 payroll, and transferring the payroll of 5 jail cooks, 2 jail clerks, and his public information officer from the general fund to the Sheriff Department's 152 Misdemeanant Fund account. His proposal was rejected, and to avoid the County Council's threat to cut employees randomly, he had his staff prepare a list of employee positions that could be cut from the blind list created by the unit commanders. On November 30, 2009, Dominguez delivered a memo to the County Council president identifying 18 employee positions by budget number only that could be eliminated from the 2010 budget.

Reagins, who was a civil at-will employee, was among the eighteen employees who were eliminated. She was not employed under a contract or a collective bargaining agreement. Dominguez did not know that Reagins was on the list of employees who would be cut in 2010

3

and did not know Reagins' political affiliation.

Reagins filed her complaint on May 9, 2011, alleging that she was discriminated against on the basis of her age and race, that her First Amendment right to free speech was violated, and that she was denied due process when she was terminated. The defendants filed a joint motion for summary judgment on August 28, 2013. Reagins did not respond.

*Discussion*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); **Kidwell v. Eisenhauer,** 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); **Stephens**, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); **Stephens**, 569 F.3d at 786; **Wheeler v. Lawson**, 539 F.3d 629, 634 (7th Cir. 2008). However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . .". **Kidwell**, 679 F.3d at 964 (citing *Benuzzi v. Bd. of Educ*., 647 F.3d 652, 662 (7th Cir.2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d

4

265 (1986)).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. *Ashman v. Barrows,* 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. *Wheeler*, 539 F.3d at 634 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986)).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).

*See also* *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 149-51, 120 S.Ct. 2097, 2109, 147 L. Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); *Celotex Corp*., 477 U.S. at 322-23, 106 S. Ct. at 2553; *Stephens,* 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)(stating that a genuine issue is one on which a reasonable fact finder

could find for the nonmoving party); ***Springer v. Durflinger,*** 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Reagins argues that her employment was terminated by the defendants in violation of Title VII as a result of race discrimination, the Age Discrimination Employment Act (ADEA), and 42 U.S.C. § 1983 for failure to afford her due process and for violating her first amendment right to political affiliation. To begin, claims for discrimination under Title VII and the ADEA must be the result of the plaintiff's employer's actions. *See* ***Hearne v. Board of Education of Chicago***, 185 F.3d 770, 777 (7th Cir. 1999). Similarly, when seeking to hold a municipality liable for the actions of its officers, the plaintiff must sue the municipality or local government responsible for and with control over the officer's actions.

Reagins was an employee of the Lake County Sheriff's Office. Article 6, § 2 of the Indiana Constitution establishes that the County Commissioners do not control the actions of the sheriff. "It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." ***Hupp v. Hill***, 576 N.E.2d 1320, 1326 (Ind. App. 1991). Therefore, the Commissioners could not hire or fire the Sheriff or his agents. ***Jones v. Lake County Sheriff's Dep't***, 2012 U.S. Dist. LEXIS 54430 (N.D. Ind. April 18, 2012). Rather, the Sheriff's Department was a separate entity that was responsible for the constitutional violations of its officers. ***Burton v. Lacy***, 2008 WL 187552, *4 (S.D. Ind. Jan. 18, 2008). Because the Commissioners did not control the Sheriff's Department and the Sheriff's Department was a separate municipal entity, the County Commissioners were not Reagins' employer and cannot be held liable for the actions of the Lake County Sheriff's Department. For these reasons, the motion for summary

judgment must be GRANTED in favor of the County Commissioners.

Reagins also raised the same claims against Dominguez in his official capacity as Lake County Sheriff. Turning first to her claim that her termination was politically motivated, it is well established that the First Amendment protects public employees from suffering adverse employment actions because of their political beliefs. ***Rutan v. Republican Party of Ill.***, 497 U.S. 62, 71, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). To establish a *prima facie* case for unlawful political termination, the plaintiff must prove that her conduct was constitutionally protected and was a substantial or motivating factor in the employment decision. ***Greene v. Doruff***, 660 F.3d 975, 980 (7th Cir. 2011) (defining motivating factor); ***Hall v. Babb***, 389 F.3d 758, 762 (7th Cir. 2004). The burden then shifts to the defendant to set forth a legitimate, nonpolitical reason for the employment decision. ***Greene,*** 2011 WL 4839162 at *4; ***Hall***, 389 F.3d at 762.

Reagins failed to point to any protected political activity in which she was engaged that could form the basis of her claim for unlawful termination. She has not pointed to any speech or political conduct in which she was engaged and did not allege the nature of the political affiliation that caused the loss of her employment in her complaint. Moreover, she has not demonstrated that Dominguez knew of any such conduct. Even if Reagins was able to overcome this burden and show that she had engaged in some politically protected speech, Dominguez has explained that Reagins was terminated as the result of a budget crisis. Again, Reagins has failed to show the court that Dominguez's stated reason was a pretext for his true motive.

Reagins also alleged that Dominguez violated her constitutional rights by failing to afford her due process. The Fourteenth Amendment "guarantees individuals the right to due process when a state or local government deprives them of life, liberty, or property." **U.S. Const. amend. XIV,**

7

**§ 1.** Public workers who serve at will do not have a property interest in their employment. *Lalvani v. Cook County, Illinois*, 269 F.3d 785, 791 (7th Cir. 2001). Such an interest arises only when there is some legitimate claim of entitlement, usually arising by statute or contract. *Lalvani,* 269 F.3d at 791. Dominguez submitted evidence that Reagins was an at-will employee whose employment was not protected by a contract or collective bargaining agreement. Reagins has submitted nothing in response, and she has not shown that a genuine issue of material fact remains with respect to this issue. For this reason, she did not have a property interest in her job and was not entitled to due process. The court **GRANTS** summary judgment in favor of Dominguez on this issue.

Reagins also alleges that Dominguez discriminated against her because of her age and race. Title VII and the ADEA share a similar analysis. A claim under the ADEA is successful if the plaintiff can show that her "termination or other adverse employment action would not have occurred 'but for' her employer's motive to discriminate on the basis of her age." *Fuka v. Thomson Consumer Electronics*, 82 F.3d 1397, 1402 (7th Cir. 1996); *Horwitz v. Board of Education of Avoca School District No. 37*, 260 F.3d 602, 610 (7th Cir. 2001); *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). Similarly, Title VII of the Civil Rights Act of 1964 prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment" on account of race. 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove discrimination by direct evidence of discriminatory intent or, where no direct evidence exists, by using the indirect-burden shifting method established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 1824-25, 36 L. Ed.2d 668 (1973), and refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1092, 67 L.Ed.2d 207 (1981). *See **Reeves v. Sanderson Plumbing Products, Inc.***, 530 U.S. 133, 142, 120 S.Ct. 2097, 2105, 147

L.Ed.2d 105 (2000); *Cerutti v. BASF Corporation*, 349 F.3d 1055, 1060-61 (7th Cir. 2003); *Franzoni v. Hartmarx Corporation*, 300 F.3d 767, 771 (7th Cir. 2002); *Horwitz*, 260 F.3d at 610.

Direct evidence is evidence that "can be interpreted as an acknowledgment of the defendant's discriminatory intent." *Ezell v. Potter*, 400 F.3d 1041, 1051 (7th Cir. 2005); ***Rogers v. City of Chicago***, 320 F.3d 748, 753 (7th Cir. 2003); ***Plair v. E.J. Brach & Sons, Inc***., 105 F.3d 343, 347 (7th Cir. 1997). Circumstantial evidence, by contrast, must create a "'convincing mosaic'" that "'allows the jury to infer intentional discrimination by the decision maker'" and points directly to a discriminatory reason for the employment decision. *Rhodes*, 359 F.3d at 504 (*quoting **Troupe v. May Department Stores Company***, 20 F.3d 734, 737 (7th Cir. 1994)); *Rogers*, 320 F.3d at 753; *Adams*, 324 F.3d at 939.

The analysis under *McDonnell-Douglas* proceeds in three stages. First, the plaintiff must establish a *prima facie* case. The four elements of the *prima facie* case are that the plaintiff (1) was a member of a protected class; (2) that she was performing satisfactorily and in accordance with her employer's legitimate expectations; (3) that she suffered an adverse employment action; and (4) that a similarly situated employee was treated more favorably. ***Stockwell v. City of Harvey***, 597 F.3d 895, 901 (7th Cir. 2010) (quoting ***Jackson v. City of Chicago***, 552 F.3d 619, 622 (7th Cir. 2009). *See also **Gusewelle v. City of Wood River***, 374 F.3d 569, 574 (7th Cir. 2004); ***Dandy v. United Parcel Service, Inc***., 388 F.3d 263, 272 (7th Cir. 2004); ***Olson v. Northern FS, Inc.***, 387 F.3d 632, 635 (7th Cir. 2004) (explaining that under ADEA the plaintiff must first show that she is over 40 years of age). However, this method has been called into question by the Seventh Circuit in favor of a more straightforward method. The Seventh Circuit has proposed that the court make the following inquiry: "is the plaintiff in a class protected by the statute; has he suffered a harm; and

9

could a rational jury find the latter resulted from the former." ***Shreeve v. D.O. McComb & Sons, Inc***., 2013 WL 5707196, *5 (N.D. Ind. Oct. 21, 2013) (citing ***Hitchcock***, 718 F.3d at 737 (7th Cir. 2013) (citing ***Coleman***, 667 F.3d at 863 (7th Cir. 2012) (Wood, J., concurring)).

"After the plaintiff has made out a prima facie case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the employment action." ***Stockwell***, 597 F.3d at 901. This is a light burden. ***Pilditch v. Bd. Of Educ. Of City of Chicago***, 3 F.3d 1113, 1117 (7th Cir. 1993)(citing ***Texas Dep't of Cmty. Affairs v. Burdine***, 450 U.S. 248, 254-356 (1981)). Once the employer has articulated a legitimate, nondiscriminatory reason for its decision, the presumption of discrimination falls away. ***Cianci v. Pettibone Corp.***, 152 F.3d 723, 726 (7th Cir. 1998). The plaintiff then has the burden of producing sufficient evidence to show that reason to be pretextual. *See **McDonnell Douglas***, 411 U.S. at 802, 804, 94 S.Ct. at 1825-1826.

In order "to show pretext, a plaintiff must show that (1) the employer's non-discriminatory reason was dishonest and (2) the employer's true reason was based on a discriminatory intent." ***Fischer v. Avandale, Inc.***, 519 F.3d 393, 403 (7th Cir. 2008)(internal quotation marks, citations and brackets omitted.) *See also **Hobbs v. City of Chicago***, 573 F.3d 454, 462 (7th Cir. 2009). "If the plaintiff uses indirect evidence to meet [her] burden, [she] must show that the employer's reason is not credible or factually baseless." ***Stockwell,*** 597 F.3d at 901 (*citing **Fischer***, 519 F.3d at 403). The plaintiff also must provide evidence that supports the inference that the real reason was discriminatory. ***Fischer,*** 519 F.3d at 403. Although indirect proof of pretext is permissible, one must remember that, even if the business decision was unreasonable, pretext does not exist if the decision maker honestly believed in the nondiscriminatory reason. ***Little v. Illinois Dep't of Revenue,*** 369 F. 3d 1007, 1012 (7th Cir. 2004). "This is because courts are not 'superpersonnel

department[s]' charged with determining best business practices. Subjective evaluations of each candidate are entirely consistent with Title VII." *Stockwell,* 587 F.3d at 901 (quoting *Blise v. Antaramian,* 409 F.3d 861, 867 (7th Cir. 2005)).

Reagins was a member of a protected class, the defendants do not dispute that she was performing her job satisfactorily, and she suffered an adverse employment action when she was terminated. However, Reagins has not identified even one similarly situated employee outside of her protected class who was treated more favorably, and for this reason, has failed to show that she can present a *prima facie* case of discrimination under either Title VII or the ADEA. Moreover, the defendants explained that her termination was the result of a budget crisis. Reagins again has failed to show that this explanation was a pretext for discrimination. This failure is fatal to her claims, even under the relaxed standard proposed by the Seventh Circuit, because she has not demonstrated that a genuine issue of material fact exists as to the defendants true motive for terminating her employment and summary judgment must be **GRANTED** in favor of Dominguez on this issue.

Because Reagins has failed to respond to the defendants' motion for summary judgment, she has not demonstrated that a genuine issue of material fact remains pending with regard to any of her claims. Rather, the defendants have demonstrated that Reagins was terminated as the result of a budget crisis and not for an unlawful discriminatory reason. For these reasons, the Motion for Summary Judgment [DE 25] filed by the defendants is **GRANTED**.

ENTERED this 2nd day of January, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge